1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7            FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  RODNEI FRAZIER,                        No. 2:04-cv-0115-MCE-PAN-P

10          Plaintiff,

11      v.                                ORDER

12  DR. JOHN KOFOED, et al.,

13          Defendants.

14  _____/

15          On October 31, 2006, plaintiff filed a request for reconsideration of this court's October

16  13, 2006, finding plaintiff's objections untimely filed.

17          Although motions to reconsider are directed to the sound discretion of the court, Frito-

18  Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of

19  judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k) requires that a party

20  seeking reconsideration of a district court's order must brief the "new or different facts or

21  circumstances [which] were not shown upon such prior motion, or what other grounds exist for

22  the motion."  The rule derives from the "law of the case" doctrine which provides that the

23  decisions on legal issues made in a case "should be followed unless there is substantially

24  different evidence . . . new controlling authority, or the prior decision was clearly erroneous and

25  would result in injustice."

26  ///

1

1  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner

2  v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

3       On August 17, 2006, findings and recommendations issued; plaintiff was advised that

4  objections were to be filed within 14 days.  Plaintiff filed objections on September 15, 2006, and

5  this court found plaintiff presented those objections to prison authorities for mailing on

6  September 8, 2006.  Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988).  However, because

7  plaintiff's objections were due on or before August 31, 2006, plaintiff's objections were deemed

8  untimely filed.  (October 13, 2006 Order at 2.)

9       In his motion for reconsideration, plaintiff states he "was given 14 days to file objections

10  at which time plaintiff did and it was sent out before the 14th of 9-06."  (Id. at 1.)  Plaintiff

11  complains that the prison has a "history of holding incoming legal mail days and sometimes

12  weeks before giving it to the inmates, along with putting legal mail out to be sent out."  (Id. at 1.)

13  Plaintiff also stated he was "in the process of trying to obtain affidavits from the staff who know

14  about this problem."  (Id. at 2.)  Over four months have passed and plaintiff has failed to provide

15  an affidavit in support of his request.  However, even if the court construes plaintiff's statement

16  that "it was sent out before the 14th of 9-06" to mean plaintiff presented his objections to prison

17  authorities on September 6, such filing would still be untimely as objections were due on or

18  before August 31, 2006.

19       Upon review of the entire file, the court finds that plaintiff has failed to provide new or

20  different facts or circumstances sufficient to demonstrate plaintiff's objections were timely

21  presented to prison authorities for mailing.  Therefore, IT IS HEREBY ORDERED that, upon

22  reconsideration, this court's order of October 13, 2006 is affirmed.

23  Dated:  April 20, 2007

24

25                                  MORRISON C. ENGLAND, JR.
                                    UNITED STATES DISTRICT JUDGE
26